UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE LICENSING, LLC

*Doing business as*

POWERHOUSES GYMS INTERNATIONAL,

      Plaintiff,

                                                       Case No. 12-cv-13534
                                                       Honorable Gershwin A. Drain

v.

CHECKFREE SERVICES CORPORATION

*Doing business as*

FISERV, INC.,

      Defendant.

_____/

ORDER GRANTING IN PART AND DENYING IN PART MOTION
FOR PROTECTIVE ORDER (#18) AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO COMPEL (#22)

I. INTRODUCTION

      On August 10, 2012, pursuant to 28 U.S.C. § 1332, Defendant removed the instant action to this Court from Oakland County Circuit Court. The complaint contains multiple allegations: Breach of Agreement (Count I), Unjust Enrichment (Count II), and Accounting (Count III). From January 1, 2007, through January 1, 2012, the parties had an agreement

-1-

where Defendant was designated as a "preferred vendor" for specific merchant processing and accounting services to its licensees. Pursuant to agreed upon algorithms in the agreement, Defendant was allegedly obligated to make regular payments to Plaintiff. Furthermore, the agreement provided for Defendant to give Plaintiff discounts on services and products, monthly reports that contained Plaintiff's and Plaintiff's licensees' business activities, and monthly rebates. Plaintiff contends that it has not received any reports or information from the Defendant. Thus, Plaintiff maintains that it cannot make a determination of the amounts owed under the agreement. Plaintiff has not received any monies from Defendant.

Presently before the Court are Defendant's Motion for Protective Order, filed on January 31, 2013, and Plaintiff's Motion to Compel, filed on March 9, 2013. Because both Motions both pertain to the same discovery, the Court will answer both Motions contemporaneously. For the reasons stated below, both Motions are GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

### A. Defendant's Motion for Protective Order

Plaintiff, Powerhouse Licensing, LLC submitted First Interrogatories, Requests for Production of Documents, First Requests for Admissions, and Notice of Depositions to Defendant on January 16, 2013. Defendant argues that Plaintiff's Interrogatories contain multiple, discrete subparts amounting to sixty interrogatories. Defendant has refused to answer any of the Interrogatories until ordered by this Court because Defendant states that

Plaintiff exceeded the maximum amount of Interrogatories allowed pursuant to FED. R. CIV. P. 33(a)(1). *See* Mot. for Protective Order, Dkt. No. 18, pg. 7. Defendant requests that Plaintiff be ordered to revise its Interrogatories so that they do not exceed the maximum of 25 allowed by Rule 33(a)(1) and this Court's January 11, 2013, discovery order.

In response, Plaintiff argues that Defendant's Motion for Protective Order should be denied because the information it seeks in its discovery requests is "relevant and related to the claims and defenses involved in this action." *See* Def.'s Resp. to Mot. for Protective Order, Dkt. No. 21, pg. 1. Furthermore, Plaintiff maintains that Defendant's objections are a subterfuge and that Defendant's motive in withholding discovery is to "distract and obfuscate." *Id.* at 5.

### B. Plaintiff's Motion to Compel

In Plaintiff's Motion to Compel, it maintains that Defendant's responses are inadequate. Specifically, Plaintiff argues that Defendant refuses to answer any of the ten Interrogatories it submitted, and Defendant did not provide several of the requested production of documents. Plaintiff argues that it is entitled to responses to Plaintiff's discovery pursuant to FED. R. CIV. P. 26(b)(1), 33, and 34 because all of the information it seeks is relevant and related to the claims and defenses presented in this action. *See* Plt.'s Motion to Compel, Dkt. No. 22, pg. 2. Plaintiff asks the Court to extend the time for discovery as a result of the delay in receiving the discovery responses..

In response, Defendant maintains that it has agreed to "produce documents responsive to all but one document request." *See* Def. Resp. to Plt.'s Mot. to Compel, Dkt. No. 25, pg.1. Defendant states it will produce documents for request numbers 2, 3, 5, 6,

and 7. Defendant states that it will not respond to the Production of Document Request No. 4 due to the information requested being unrelated. Production of Document Request No. 4 states:

> Please produce all documents in your possession, custody or control that relate to any manner to the assets and/or equity, whether in whole or in part, of Defendant and/or Defendant's owners being sold or other wise transferred to FiServ, Inc. and/or any other person(s) during the time period January 1, 2007 through and including the date of these Discovery Requests.

Defendant maintains it will not respond to any Interrogatories until the Court orders it to do so.

### III. LAW & ANALYSIS

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26 (b) (1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). FED. R. CIV. P. 33 provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

#### A. Interrogatories in Excess of Twenty-Five

Plaintiff served ten interrogatories on Defendant on January 16, 2013. Defendant objected in its answers to the interrogatories that Plaintiff's Interrogatories, including all

discrete subparts, equaled sixty interrogatories in total and exceeded the twenty-five interrogatories allowed pursuant to this Court's Order on January 11, 2013, and pursuant to FED. R. CIV. P. 33(a). The Court disagrees with Defendant's calculation.

"[C]ourts generally agree that interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *See Trevino v. ABC American, Inc.*, F.R.D. 612, 614 (N.D. Cal. 2006). Upon review of Plaintiff's interrogatories, the Court finds that the following interrogatories each contain two separate and discrete subparts: 2, and 3. Interrogatory No. 4 contains eight discrete subparts: (I) contains five subparts, (ii) contains one subpart, (iii) contains one subpart, and (iv) contains one subpart. Interrogatory No. 5 contains three discrete subparts: (I) contains one subpart, (ii) contains one subpart, (iii and iv) count as one subpart. Although other interrogatories seek multiple pieces of information, each portion of those interrogatories relates to the same topic inquiry and seeks identifying information. *See State Farm Mut. v. Pain and Injury Rehab. Clinic, Inc.*, 2008 U.S. Dist. LEXIS 50507, Case No. 07-cv-15129, at *6 (E.D. Mich. June 30, 2008). Therefore, Plaintiff served the equivalent of twenty-one interrogatories, not the sixty that Defendant finds in its Motion for Protective Order. *See* Def.'s Mot. for Protective Order, Dkt. No. 18, pg. 10. Thus, Plaintiff did not exceed the allowable amount of twenty-five.

Furthermore, each of Plaintiff's Interrogatories seek documents in a paragraph entitled "Please Produce." The request for production of documents via interrogatories is not a proper subject of an interrogatory. FED. R. CIV. P. 33. The Court will grant Defendant's Motion for Protective Order, as to the requests for production of documents in the "Please Produce" paragraphs of the interrogatories.

B. Sufficiency of Defendant's Answers

The Court reviewed Defendant's answers to Plaintiff's Interrogatories and finds that Defendant's initial answers were unresponsive to the Interrogatories. Defendant does not answer any of Plaintiff's Interrogatories. Defendant makes general objections in answer to each and every interrogatory, which included variations of the following:

> CheckFree objects that Plaintiff's First Interrogatories violate FED. R. CIV. P. 33(a)(1) because they exceed the maximum number allowed. Accordingly, CheckFree has sought relief from the Court in its Motion for Protective Order (Doc. 18), and will not respond to Plaintiff's First Interrogatories until such time as the Court rules on CheckFree's Motion.

Following some of the answers, Defendant included an additional sentence that states, "CheckFree further objects that's (sic) this interrogatory is overbroad and unduly burdensome to the extend it seeks information that is neither relevant to this action nor likely to lead to the discovery of relevant information." *See* Plt.'s Mot. to Compel, Dkt. No. 22.

The Court notes that Defendant responds to Interrogatory No. 1 with the aforementioned paragraph stating that Plaintiff had "exceeded the maximum number [of interrogatories] allowed." The Defendant fails to evidence how the first interrogatory, or even the first three interrogatories (which contains a total of four subparts), could have exceeded the allowable amount of twenty-five. Yet, Defendant repeats the same reasoning for all of the interrogatories and relies on the premises that Plaintiff's interrogatories contain multiple "discrete subparts," that the information is not relevant nor likely to lead to the discovery of relevant information, and that the information Plaintiff seeks is "overbroad and

unduly burdensome."

The Court strongly condemns the practice of asserting boilerplate objections to every discovery request. *See St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 197 F.R.D. 620, 2000 WL 1737746, at *3 (N.D. Iowa Nov. 22, 2000). FED. R. CIV. P. 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Broad discretion is granted the Court in its regulation of the discovery process. *See Rhodes v. McDaniel* 945 F.2d 117, 119 (6th Cir.). The Court is guided by the strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). Therefore, the Court will order Defendant to answer Plaintiff's first set of Interrogatories, except for the requests for production of documents in the "Please Produce" paragraphs of the interrogatories.

## C. Requests for Production of Documents

The Plaintiff has made seven requests for the production of documents. Pursuant to FED. R. OF CIV. P. 34 (b)(1)(A) as to Request for Production No. 1, which states, "please produce all documents identified and/or described in the above Interrogatories," Plaintiff "must describe with reasonable particularity each item or category of items to be inspected." *See* Plt.'s Mot. to Compel Discovery, Dkt. No. 22, pg. 16; *see also* FED. R. OF CIV. P. 34. Accordingly, Plaintiff is ordered to supplement Request for Production No. 1 and list specifically the production of documents it seeks pursuant to Rule 34.

In the Request for Production No. 3, Plaintiff is ordered to clarify the term "funds flow," and the Defendant will draft and submit an appropriate protective order. *See* Plt.'s Mot. to Compel, Dkt. 22. pg. 17. Furthermore, Defendant is ordered to provide the documents requested upon further clarification from Plaintiff, unless Defendant has additional substantive objections.

In the Request for Production No. 4, the Court finds that the request is reasonably calculated to lead to the discovery of admissible evidence, and Defendant is ordered to produce the documents requested.

### D. Request for Admissions

Each of Plaintiff's Requests for Admissions seek documents in a paragraph titled "Please Produce." The production of documents via requests for admissions are not proper subjects of a request for admission. FED. R. CIV. P. 36. The Court will grant Defendant's Motion for Protective Order, as to the requests for production of documents in the "Please Produce" paragraphs of the Request for Admissions.

### E. Plaintiff's Request to Increase the Number of Interrogatories and to Extend Time for Discovery

In Plaintiff's Motion to Compel it asks the Court to increase the number of interrogatories allowed if necessary and to extend the time for conducting discovery. *See* Plt.'s Mot. to Compel Discovery, Dkt. No. 22, pg. 26. Plaintiff's Interrogatories are twenty-one in total and fall below the twenty-five ordered by this Court and pursuant to FED. R. OF CIV. P. 33; therefore, the Court will not increase the allowable amount of interrogatories.

Discovery cut off is set for May 24, 2013, the Court will not extend discovery at this time.

IT IS THEREFORE ORDERED that Defendant's Motion for Protected Order, Dkt. No. 18, and Plaintiff's Motion to Compel, Dkt. No. 22, are GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that DEFENDANT answer Plaintiff's first set of Interrogatories, except for the requests for production of documents in the "Please Produce" paragraphs of the Interrogatories and the Requests for Admissions by March 27, 2013.

IT IS FURTHER ORDERED that Plaintiff supplements Request for Production No. 1 and specifically list the production of documents it seeks by March 20, 2013.

IT IS FURTHER ORDERED that Plaintiff clarify the term "funds flow" in the Request for Production No. 3 by March 20, 2013.

IT IS FURTHER ORDERED that Defendant shall provide Plaintiff with the documents requested in Request for Production No. 3., upon Plaintiff's clarification of the term "funds flow."

IT IS FURTHER ORDERED that Defendant shall draft and submit a protective order, as it relates to Request for Production No. 3 by March 27, 2013.

IT IS FURTHER ORDERED that Defendant will produce the documents requested in the Request for Production No. 4 by March 27, 2013.

IT IS FURTHER ORDERED that Plaintiff's request for an increase in the allowable amount of interrogatories and for an extension of time for discovery is DENIED.

SO ORDERED.

Dated: March 25, 2013                                         /s/Gershwin A Drain
                                                              GERSHWIN A. DRAIN
                                                              United States District Judge