UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE LICENSING, LLC

*Doing business as*

POWERHOUSES GYMS INTERNATIONAL,

        Plaintiff,

                                            Case No. 12-cv-13534
                                            Honorable Gershwin A. Drain

v.

CHECKFREE SERVICES CORPORATION

*Doing business as*

FISERV, INC.,

        Defendant.

_____/

<u>ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER ON MOTION TO COMPEL [#36] AND DENYING PLAINTIFF'S SECOND MOTION TO COMPEL RENEWED AND SUPPLEMENTED[#37]</u>

<u>I. INTRODUCTION</u>

On August 10, 2012, pursuant to 28 U.S.C. § 1332, Defendant removed the instant action to this Court from Oakland County Circuit Court. The complaint contains multiple allegations: Breach of Agreement (Count I), Unjust Enrichment (Count II), and Accounting (Count III). From January 1, 2007, through January 1, 2012, the parties had an agreement

where Defendant was designated as a "preferred vendor" for specific merchant processing and accounting services to its licensees. Pursuant to agreed upon algorithms in the agreement, Defendant was allegedly obligated to make regular payments to Plaintiff. Furthermore, the agreement provided for Defendant to give Plaintiff discounts on services and products, monthly reports that contained Plaintiff's and Plaintiff's licensees' business activities, and monthly rebates. Plaintiff contends that it has not received any reports or information from the Defendant. Thus, Plaintiff maintains that it cannot make a determination of the amounts owed under the agreement. Plaintiff has not received any monies from Defendant.

Presently before the Court is Plaintiff's Motion to Vacate Order on Motion to Compel and Plaintiff's Second Motion to Compel Renewed and Supplemented. For the reasons stated below, both Motions are DENIED.

## II. BACKGROUND

On May 8, 2013, the Court issued and Order dismissing Plaintiff's Second Motion to Compel because Plaintiff failed to appear for a scheduled status conference/hearing set to address Plaintiff's motion. *See* Dkt. No. 33, 35. Subsequent to Plaintiff not appearing for the scheduled conference, Plaintiff filed a Motion to Vacate the Court's May 8, 2013, Order. In addition to filing the Motion to Vacate, Plaintiff renewed and supplemented its Second Motion to Compel with an almost identical motion to the Plaintiff's April 25, 2013, Second Motion to Compel, which the Court previously dismissed.

### III. LAW AND ANALYSIS

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26 (b) (1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

### A. Plaintiff's Motion to Vacate [#35]

In Plaintiff's Motion to Vacate, Plaintiff's counsel states that he nor his assistant received the Electronic Court Filing ("ECF") notice from the Court Clerk informing Plaintiff of the scheduled May 7, 2013, status conference/hearing. Upon review of the Court's docket, the docket shows that timely notice was emailed to the email addresses of record for all parties. *See* Dkt. No. 33. Plaintiff's counsel asserts that he was not in receipt of the notice of the conference nor did he receive an ECF notification of the filing of the Defendant's response to the Second Motion to Compel. Plaintiff's counsel offers various theories as to why he may not have received the ECF notice of Dkt. No. 33, and yet received other ECF notices from the Court.

In the absence of reliable contrary evidence, courts presume that such docket entries are accurate. *See Kinard v. Booker*, Case No. 2:09-CV-14759, 2010 U.S. Dist. LEXIS 10957, at *5 (E.D. Mich. Feb. 8, 2010); *see also, Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001); *Arnold v.Wood*, 238 F.3d 992, 995 (8th Cir. 2001).

Plaintiff's counsel was in receipt of ECF notices both before and after the ECF notice of Dkt. No. 33 was allegedly not received. The Court has not received any bounce-back messages or any messages indicating that the transmission of ECF notification of Dkt. No. 33 was unsuccessful. Therefore, the Court finds Plaintiff's counsel's theories to be unavailing. Plaintiff's Motion to Vacate [#36] is DENIED.

### B. Plaintiff's Second Motion to Compel Renewed and Supplemented [#37]

Plaintiff has submitted to the Court a renewed and supplemented Second Motion to Compel. Plaintiff's motion mirrors its April 25, 2013, Second Motion to Compel, which the Court dismissed on May 8, 2013, and that the Court herein has denied. The Court will not address paragraphs 2 - 42 because those paragraphs were already dismissed in Plaintiff's prior motion. *See* Dkt. No. 33. However, the Court will address the supplemented discovery issues Plaintiff has raised within the motion.

In the remaining paragraphs of Plaintiff's Motion, Paragraphs 43-48, Plaintiff seeks to depose Defendant's employee, Ms. Shirley Kirker ("Kirker"), a contract administrator, who initialed the Preferred Vendor Agreement and works in the Defendant's legal department. Plaintiff argues that Defendant refused to make Kirker available for a deposition and offered no reason other than the fact that Kirker worked in Defendant's legal department.

Defendant argues that Kirker is an agent of its in-house counsel and provided Defendant with negotiation strategy; thus, Defendant's in-house counsels' attorney-client privilege extends to Kirker. Furthermore, Defendant argues that Plaintiff has not

presented evidence that Kirker negotiated directly with Defendant, nor does Kirker recall having any such negotiations. Defendant maintains that for the aforementioned reasons, Kirker should not be deposed.

When confidential communication is made between an attorney and an agent for the purpose of assisting the attorney in giving legal advice to a client, the attorney-client privilege extends to the agent of that attorney. *See Arkwright Mut. Ins. Co. V. Nat'l Union Fire Ins. Co. op Pittsburgh, Pa.*, Case No. 93-3084, 1994 U.S. App. LEXIS 3828, at * 20 (6th Cir. Feb. 25, 1994.). Here, Defendant states that Kirker was privy to the strategies of in-house counsel and provided information on behalf of counsel to Defendant. Plaintiff simply indicates that he wants to depose Kirker because she initialed the last page of the Preferred Vendor Agreement. Without more, Ms. Kirker is not required to be presented for deposition, and Plaintiff's Second Motion to Compel is DENIED.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Vacate Order on Motion to Compel [#36] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Second Motion to Compel Renewed and Supplemented [#37] is DENIED.

SO ORDERED.

Dated: July 22, 2013  /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge