UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE LICENSING, LLC

*Doing business as*

POWERHOUSES GYMS INTERNATIONAL,

       Plaintiff,

                                              Case No. 12-cv-13534
                                              Honorable Gershwin A. Drain

v.

CHECKFREE SERVICES CORPORATION

*Doing business as*

FISERV, INC.,

       Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [#55] re
ORDER ON MOTION TO COMPEL AND ORDER DENYING PLAINTIFF'S SECOND
MOTION TO COMPEL RENEWED AND SUPPLEMENTED

I. INTRODUCTION

On August 10, 2012, pursuant to 28 U.S.C. § 1332, Defendant removed the instant action to this Court from Oakland County Circuit Court. The complaint contains multiple allegations: Breach of Agreement (Count I), Unjust Enrichment (Count II), and Accounting (Count III). From January 1, 2007, through January 1, 2012, the parties had an agreement

-1-

where Defendant was designated as a "preferred vendor" for specific merchant processing and accounting services to its licensees. Pursuant to agreed upon algorithms in the agreement, Defendant was allegedly obligated to make regular payments to Plaintiff. Furthermore, the agreement provided for Defendant to give Plaintiff discounts on services and products, monthly reports that contained Plaintiff's and Plaintiff's licensees' business activities, and monthly rebates. Plaintiff contends that it has not received any reports or information from the Defendant. Thus, Plaintiff maintains that it cannot make a determination of the amounts owed under the agreement. Plaintiff has not received any monies from Defendant.

Presently before the Court is Plaintiff's Motion for Reconsideration. In light of new information brought forth by Plaintiff in its Supplemental Brief to its Motion for Reconsideration, Plaintiff's Motion for Reconsideration is GRANTED.

## II. BACKGROUND

On May 8, 2013, the Court issued an Order dismissing Plaintiff's Second Motion to Compel because Plaintiff failed to appear for a scheduled status conference/hearing set to address Plaintiff's motion. *See* Dkt. No. 33, 35. Subsequent to Plaintiff not appearing for the scheduled conference, Plaintiff filed a Motion to Vacate the Court's May 8, 2013, Order. In addition to filing the Motion to Vacate, Plaintiff renewed and supplemented its Second Motion to Compel with an almost identical motion to the Plaintiff's April 25, 2013, Second Motion to Compel, which the Court previously dismissed. On July 13, 2013, Plaintiff filed a third Motion to Compel .

III. LAW AND ANALYSIS

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26 (b) (1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Plaintiff's Motion for Reconsideration [#55]
1. Plaintiff's Supplemental Brief [#57] to its Motion for Reconsideration

In Plaintiff's multiple attempts to get the Court to reconsider or vacate its order dismissing Plaintiff's Motion to Compel, Plaintiff continued to speculate on what could have happened – along with making other arguments that were unavailing –  without providing the Court with anything further to support its assertions. Plaintiff has now provided the Court with a supplemental brief with an attached exhibit representing an example of Plaintiff's issues with its email delivery system that caused Plaintiff to not receive certain electronic notices from the Court.

Plaintiff's counsel's  issues with its emailing system that it chose and that it chose to rely on to conduct business is not the problem of the Court. It is not the duty of the Court to check to ensure that Plaintiff's counsel receives emails that are directed to the email addresses counsel has provided to the Court to receive such electronic notices. However, in the interests of justice and because of what appears to be ongoing discovery issues with Defendant's lack of cooperation with the Court's initial discovery

order on March 25, 2013, the Court is granting Plaintiff's Motion for Reconsideration.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration [#55] is GRANTED.

IT IS FURTHER ORDERED that the currently scheduled hearing on August 28, 2013, is adjourned.  Both parties are now required to attend a status conference on September 6, 2013, at 9:00 a.m. Both parties should prepare to discuss and resolve all outstanding discovery issues.

SO ORDERED.

Dated: August 21, 2013                          /s/Gershwin A Drain
                                                GERSHWIN A. DRAIN
                                                United States District Judge