UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE LICENSING, LLC
d/b/a POWERHOUSE GYMS
INTERNATIONAL,

    Plaintiff,

v.

Case No. 12-cv-13534
HON. GERSHWIN A. DRAIN

CHECKFREE SERVICES,
CORPORATION d/b/a
FISERV, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER [#66]

## I. INTRODUCTION

On August 10, 2012, pursuant to 28 U.S.C. § 1332, Defendant removed the instant action to this Court from Oakland County Circuit Court. The complaint contains multiple allegations: Breach of Agreement (Count I), Unjust Enrichment (Count II), and Accounting (Count III). From January 1, 2007, through January 1, 2012, the parties had an agreement where Defendant was designated as a "preferred vendor" for specific merchant processing and accounting services to its licensees. Pursuant to agreed upon algorithms in the agreement, Defendant was allegedly obligated to make regular payments to Plaintiff. Furthermore, the agreement provided for Defendant to give Plaintiff discounts on services and products, monthly reports that contained Plaintiff's and Plaintiff's licensees' business activities, and monthly rebates. Plaintiff contends that it has not received any reports or information from the Defendant. Thus, Plaintiff maintains

that it cannot make a determination of the amounts owed under the agreement. Plaintiff has not received any monies from Defendant.

Presently before the Court is Defendant's Motion for a Protective Order to designate the location of the deposition of Shirley Kirker ("Kirker"), a contract administrator in the Defendant's legal department. The parties have fully briefed the matter. Pursuant to Local Rule 7.1(f)(2), the court will not hold a hearing on this matter. For the reasons stated below, the Court will GRANT the Motion.

## II. FACTS

On September 10, 2013, the Court issued an Order Regarding Outstanding Discovery Issues and Setting a Briefing Schedule.[1] *See* Dkt. # 65. The Order directed parties to conduct depositions by October 15, 2013. The Court ordered depositions of Kirker and the Defendant's designated data/electronic information person. After the Order, Plaintiff and Defendant disagreed on the location of the depositions. On September 16, Plaintiff issued a Rule 30 (b)(6)Notice of Depositions for October 1, via telephone for the corporate representative, but Kirker's deposition would take place October 3, 2013 in Defense Counsel's Bloomfield Hills, Michigan office. (Def. Mot. Ex. C).

## III. LAW AND ANALYSIS

The decision to grant a Motion for a Protective Order is within the trial court's discretion. *El Camino Res. Ltd. v. Huntington Nat. Bank*, 70 Fed. R. Serv. 3d 1383, at *2 (W.D. Mich. 2008); *see Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996). A person or party from whom discovery is sought can seek a protective order in the court where the action is pending. FED. R. CIV. P 26(c)(1). Upon a showing of good cause, the court can issue the

---

[1]The Court issued an Amended Order Regarding Outstanding Discovery Issues and Setting a Briefing Schedule [# 67] on September 17, 2013, but it did not change the any deadlines regarding discovery issues.

order to protect the person or party from undue burden, embarrassment, and harassment. *Id.* The movant must articulate specific facts that show a clearly defined and serious harm will result from the discovery sought and cannot oppose discovery with conclusory statements about harms he might suffer. *Nellcor Puritan Bennett LLC v. CAS Med. Sys., Inc.*, 2013 Lexis 89589, at *6 ( E.D. Mich. June 26, 2013); *see Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001).

A party may unilaterally chose the location for a deposition of the opposing party. *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.D.R. 625, 628 (C.D. Cal. 2005) (citing *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 382 (M.D.N.C 1988)). The ability to choose the location, however, is subject to the court granting a protective order under Rule 26(c) of the Federal Rules of Civil Procedure that designates the location of the deposition. *Id.* The general rule for the location of deposition of a corporation's managing agents or officers is the corporation's residence or place of business. *Id.* The general rule creates a presumption of good cause for a corporation's motion for a protective order designating its residence or place of business as the location for a deposition. *Chris-Craft Industrial Products, Inc. v. Kuraray, Ltd.,* F.D.R. 605, 607 (N.D. Ill. 1999). If the plaintiff can show unusual circumstances that justify the inconvenience of deposing outside of the defendant's place of residence, they can overcome this presumption. *Steppe v. Cleverdon*, 2007 WL 6831006, at *2 ( E.D. Ky. July 25, 2007).

A Rule 30(b)(6) Notice of Depositions is sufficient to require an officer, director, or managing agent of a corporate party to appear for a deposition. *Fox v. Traverse City Area Pub. Schs. Bd. Of Educ.*, No. 07-cv-956, 2009 U.S. Dist. LEXIS 18095, at * 4 (E.D. Mich. Mar. 10, 2009). A subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure is required to depose other employees. *Id.*; *see also U.S. Fidelity & Guar. Co. v. Braspetro Oil Sycs. Co.*, 97 Civ. 3099, 2001 U.S. Dist. LEXIS 373, at *5 (S.D.N.Y Jan. 17 2001) (directors,

officers and managing agents can bind a corporation, so they do not need to subpoenaed, but other employees must be subpoenaed).

Directors and officers of a corporate party are easily identifiable. Whether a deponent is a managing agent depends on their functions, responsibilities, and authority with respect to the subject matter of the litigation. *Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 WL 5383132, at *2 (E.D. Mich. Nov. 1, 2012). Other factors include whether "(a) the corporation has vested the person with general powers to exercise his judgment and discretion in handling corporate matters; (b) the person is in a position of higher authority within the corporation than is the individual regarding which the information is sought; and (c) the corporation can depend upon the person to give testimony, at his employer's request, that will bind the corporation in litigation." *Id*. (quoting *United States v. Afram Lines, Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994)).

Defendant's motion seeks an order to have Kirker deposed in Atlanta Georgia where she works and lives. Plaintiff's Rule 30(b) Notice of Deposition selects a person designated by Defendant to explain data collection that can be deposed over the telephone and Kirker, who must be deposed in Michigan. Plaintiff does not explain why it needs to depose Kirker in Michigan, why it cannot depose her via telephone, and what information it hopes to gain by deposing her. It is not entirely clear what information Kirker has that will be useful to this litigation.

Plaintiff incorrectly argues she is the managing agent or officer of the Defendant. (Pl.'s Resp. Br. at 5). Defendant argues Kirker is a contract administrator in its legal department. It has described her work as similar to that of a paralegal. Defendant has not vested her with general powers to exercise judgment and discretion in handling corporate matters and her title

does not indicate she has any management responsibilities. *See Lairy*, 2012 WL 5383132, at *2 (E.D. Mich. Nov. 2012). Plaintiff offers no evidence showing that Kirker's functions, responsibilities, and authority have any relation to this litigation. Because Kirker is not a managing agent, she must be deposed pursuant to a subpoena under Rule 45. *Id; see Fox,* 2009 U.S. Dist. LEXIS 18095, at * 4 (E.D. Mich. Mar. 10, 2009), *see also Braspetro Oil Sycs. Co.*, U.S. Dist. LEXIS 373, at *5 (S.D.N.Y Jan. 17 2001). Therefore the rule 30(b)(6) Notice of Deposition is not applicable to Kirker. Even if the notice was applicable to Kirker, Plaintiff has not shown any unusual circumstances that justify the inconvenience of deposing Kirker in Michigan. *See Cleverdon*, 2007 WL 6831006, at *2 ( E.D. Ky. July 25, 2007).

If Plaintiff, seeks to depose Kirker it must do so pursuant to Rule 45 of the Federal Rules of Civil Procedure. She is not an officer, director or managing agent. The Rule 30(b)(6) notice did not require Defendant to produce Kirker. The Court's September 17, 2013 did not give Plaintiff permission to conduct depositions by its own terms rather than the Federal Rules of Civil Procedure. Plaintiff must issue a subpoena pursuant to Rule 45 in order to depose Kirker. Plaintiff's Deposition of Kirker should occur in Atlanta or via telephone within ten days of this Court's Order.

## IV.  Conclusion

For the forgoing reasons, the Court will GRANT Defendant's Motion [#66].

SO ORDERED.

Dated:  October 30, 2013

S/Gershwin A. Drain

GERSHWIN A. DRAIN

UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on

October 30, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston

Deputy Clerk